7260.   CAUDELL *v.* THE STATE.

In the state of the record, it does not appear that the trial judge abused
his discretion in overruling the defendant's motion to reinstate his mo-
tion for a new trial, which had been regularly dismissed about two years
theretofore.

> DECIDED APRIL 17, 1916.

Motion for a new trial; from Banks superior court—Judge
Brand.   September 22, 1915.

*W. W. Stark,* for plaintiff in error.

*John B. Gamble, solicitor-general,* contra.

BROYLES, J.   The defendant, a school-teacher, during the March
term, 1913, of Banks superior court, was convicted of seducing one
of his pupils, a sixteen-year-old girl.   He made a motion for a
new trial, and afterwards, and before the date set for the hearing
of the same, signed a written order withdrawing his motion.   On
the day set for the hearing of the motion for a new trial, to wit,
April 26, 1913, neither the defendant nor his counsel appeared to
prosecute the motion, nor was any brief of the evidence filed or
served upon the solicitor-general.   The motion was passed to the
September term, 1913, when (the defendant and his counsel still
having failed to present a brief of the evidence to the court) the
motion for a new trial was dismissed.   At the September term,
1915, of Banks superior court, counsel for the defendant filed a
petition asking the court to reinstate the dismissed motion for a
new trial.   At that time the defendant was serving his sentence
in the penitentiary.   The petition for reinstatement, the material
averments of which were supported by proof, was as follows:

"The petition of Dallis Caudell shows the following facts:
(1) That on the 20th day of March, 1913, he was convicted in the
superior court of Banks county of the offense of seduction, and
sentenced accordingly. (2) That on the same day of his convic-
tion, and during the regular March term, 1913, of Banks superior
court, he filed his motion for new trial, which was set to be heard
at Athens, Ga., April 26th, 1913. A copy of said motion with all
the entries thereon are hereto attached, marked 'Exhibit A,' and
made part of this petition. (3) Petitioner further shows that after
his said conviction and sentence on March 20th, 1913, he was
placed in the jail of Banks county, Georgia, where he remained
until after midnight on the night of the 22d of March, 1913.
When your petitioner was informed by the jailer and sheriff of
Banks county in whose custody he was, and also by the clerk of the
superior [court] of Banks county, that if he would give a bond,
and would withdraw his motion for new trial, and live with his
wife (whom he was convicted of having seduced) and treat her
right, that he, the said sheriff, would turn him out of jail; but it
was distinctly stated to your petitioner that unless he withdrew
his said motion for new trial, he would not be turned out of jail.
This statement was made to petitioner by the sheriff and clerk of
the superior court, and it was stated to petitioner that this was the
decision of the court, as having been communicated that night over
the telephone to Hon. A. J. Griffin, who, as attorney, had assisted
the solicitor-general in the prosecution of petitioner. (4) The
sole counsel of petitioner at that time lived in another county, and
at Commerce, Ga., and your petitioner had no means or way of
communicating with him, being confined in the jail. His said
counsel having in his possession the motion for new trial properly
filed for petitioner, and under these circumstances, after midnight
on the night of the 22d of March, 1913, the clerk of the superior
court brought to petitioner at the jail the said order already pre-
pared and written by the said A. J. Griffin, the order to withdraw
his said motion for new trial, upon the signing of which he would
be turned out of the jail and liberated, and he signed the same. A
copy of said order is hereto attached, marked 'Exhibit B.' (5) Peti-
tioner says that if he had had the opportunity to confer with his
counsel, he would never have withdrawn his said motion for new
trial, but would have asked that the hearing on it be continued

pending his living in peace with his wife. (6) Petitioner says he has complied with the terms of the agreement he thought was binding, entered into with the officers of the court when he signed said order withdrawing his said motion for new trial, and that he and his said wife lived together in peace and happiness for more than twelve months, when other people interfered and tried to disturb their relations, and as a result of which, either under verbal or written orders from the court, your petitioner has been ordered put in jail, and, after being kept in there for more than a month, was, on April ———, 1915, turned to the State authorities and placed in the chain-gang to serve his said sentence. (7) Petitioner says that at the September term, 1913, of Banks superior court, without his knowledge, another order was taken on his said motion for new trial, dismissing the same; that neither petitioner nor his counsel had any knowledge of this order being taken in the matter; that on account of the assurance held out to petitioner by the said officers of court who claimed to act under authority of the court, he had dismissed his motion on March 22, 1913, upon the distinct agreement, as he was informed and believed, that the said sentence of the court would not be enforced against him. Defendant says he had never abandoned his said motion for new trial, but had dismissed it under the circumstances already mentioned, and that he was induced, persuaded, and coerced by the said officers of court in dismissing the same; that situated as he was he had a right to rely upon their promises; that when the order was taken by the court at the September term, 1913, dismissing his motion, he knew nothing of it, as he was living with his said wife in peace and happiness and the sentence of the court was not being executed under the agreement. A copy of the order dismissing the said motion at the September term, 1913, is hereto attached, marked 'Exhibit C,' and made a part of this petition. (8) Petitioner says that now, since the agreement under which he dismissed his said motion has been broken as aforesaid, and the said sentence of the court is being executed against him, that his said motion for new trial should be reinstated, that the order or judgment of the court dismissing said motion at September term, 1913, be set aside, and your petitioner should be allowed to have a hearing thereon, and restored to all the legal rights and privileges he had under said motion when the same was dismissed as aforesaid on March 22, 1913, and at the

September term, 1913. (9) And petitioner should be allowed to file a brief of the testimony in said case, and to amend his original motion the same as it stood before either one of the orders dismissing the same were taken; that his conviction and sentence was illegal and without any evidence to support it; that in no event did the evidence show that this defendant was guilty of seduction," etc.

The learned and able trial judge, in his order overruling the motion to reinstate, said: "This is not a motion to grant a new trial in the case of the State *vs.* Caudell. It is a motion to set aside a judgment of the court dismissing the motion for new trial in said case. In passing upon this motion, it must be understood that the same is resisted, (1) by Mr. Boling, the father of Caudell's wife; (2) that it is resisted by the solicitor-general of this circuit. They both object to the court passing an order as requested by the applicant, Dallis Caudell. It is assumed that the solicitor-general objected because Mr. Boling objected. However, both have the right to do so, and they have done so. It is not proper on the part of the court to ignore their objections. In the answer filed by the solicitor-general and the evidence submitted in this motion, various reasons are given and urged why applicant's request should be refused. In the next place, I know of no law or warrant for granting applicant's request, under the facts as presented and known to the court. The applicant, in the first place, without being persuaded to do so by the court or the solicitor-general, voluntarily on his part dismissed his motion for new trial. It is also undisputed on the day the same was set for a hearing in Athens, Georgia, that his counsel, Judge W. W. Stark, was not present prosecuting said motion for new trial, and no reason was given why. Certainly no brief of evidence had been agreed upon up until that time or on that day, and none was then and there submitted, and no one appeared to prosecute said motion for new trial. For these reasons said motion was then and there dismissed by the court. At the next term of the court thereafter, when court convened at Homer, and when the motion docket was being called, the case of the State *vs.* Dallis Caudell, motion for new trial, was called by the court in its order. No brief of evidence had then been agreed upon and none was submitted. No one appeared to prosecute the motion for new trial, and it was then in open court formally dismissed. The mo-

tion docket in Banks court, as a rule, is called and heard at night. On this occasion the same was called and heard at night, but previous notice had been given by the court from the bench that the same would be called at the time the same was called, and all the lawyers interested in cases on said docket, including applicant's counsel, knew that the motion docket was being called and cases thereon disposed of. The order dismissing said motion for new trial was then and there entered upon the minutes of the court. The failure to submit a brief of the evidence, or to prosecute said motion for new trial, is due in no wise to any action or declaration on the part of the court. I also desire to say that I did not advise or direct the applicant to dismiss said motion for new trial, when it was done so by him, as above referred to. I never directed him to do so and am in no wise responsible for this action on the part of the applicant, and all averments to the contrary by any one whomsoever are distinctly denied. For these and other reasons the court declines to grant the order prayed for by the applicant and to reinstate said motion for new trial, and it is so ordered. However, in doing so I will be excused for saying, notwithstanding applicant's conduct toward his wife in the past, under the circumstances as they exist at present I am in sympathy with the wife of applicant, and sorry for him. In my judgment, the tribunal before whom he should present his complaint is the Prison Commission or the Governor of this State, and if these officers see fit to extend clemency to the applicant, or to grant him a parole, it will be perfectly agreeable and satisfactory to me. In other words, so far as I am concerned, these officers may give applicant's case any direction they see proper, without complaint or objection on my part.                    [Signed]   C. H. Brand, Judge."

In the state of the record, it does not appear that the trial judge abused his discretion in overruling the motion.

*Judgment affirmed.   Russell, C. J., absent.*